**Electronically Filed
Intermediate Court of Appeals
29901
23-DEC-2010
08:12 AM**

NO. 29901

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ERIC EDWIN MEECH,
Plaintiff-Counterclaim Defendant-Appellee,

v.

ROBERT T. COELLO,
Defendant-Counterclaimant-Appellant,

and

ORCHID ISLAND TRS, LLC, fka HOME STAR
MORTGAGE SERVICES, LLC; and BANK OF HAWAII,
a Hawaii corporation, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0238)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Counterclaimant-Appellant Robert T. Coello
(Coello) appeals from the June 30, 2009 Order Granting
Plaintiff's Motion for Enforcement of Settlement, Summary
Judgment and Decree of Foreclosure, Filed April 8, 2009 (Order)
entered in the Circuit Court of the First Circuit (Circuit
Court).[1]

On appeal, Coello claims that the Circuit Court lacked
jurisdiction to enter the Order in favor of Plaintiff-
Counterclaim Defendant-Appellee Eric Edwin Meech (Meech) because
the settlement agreement at issue provided that all disputes
relating to the settlement agreement be submitted to mediation
and arbitration.

---

[1]    The Honorable Karl K. Sakamoto presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Coello's point of error as follows:

Coello contends that the alleged error "was brought to the attention of the [Circuit Court] by an oral objection at hearing, which can be found in the [record on appeal] Vol 2 82-88, 90-91." Coello did not cause the transcript of the hearing to be a part of the record pursuant to Rule 10 of the Hawai'i Rules of Appellate Procedure, therefore, we are unable to determine whether an oral objection was made. Furthermore, the part of the record that Coello identified as the location of the objection is Coello's May 14, 2009 answer to Meech's complaint.[2] In this document, Coello contends that:

> Arbitrations are binding on the parties, not mediations. The mediation is not legally binding and Defendant Robert T[.] Coello wants to litigate the issues because he was pressured by the mediator to give up certain rights. . . . Despite the experience of [the mediator], no one knows what the outcome will be when issues are litigated in court.

In sum, Coello has not pointed to where in the record he moved to submit disputes over the settlement agreement to arbitration. The argument that Coello advanced to the Circuit Court was that he wanted to "litigate the issues . . . in court[,]" not mediate or arbitrate them. Coello did not demonstrate by reference to matters in the record that the Circuit Court had erred.

In addition, Coello waived any right to mediate or arbitrate the issues in the settlement agreement. "Waiver is generally defined as an intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." *Fireman's Fund Ins. Co. v. AIG Hawai'i Ins. Co.*, 109 Hawai'i 343, 354, 126, P.3d 386, 397 (2006) (quoting *Daiichi Hawai'i Real Estate Corp. v. Lichter*, 103 Hawai'i 325, 346 n.17, 82 P.3d 411, 432 n.17 (2003)) (internal quotation marks omitted). "Moreover, waiver of the

---

[2] Although Coello titled this document "Defendant Robert T. Coello's Answer to Complaint Filed April 8, 2009," it is actually a document that responds to "[Meech's] Motion for Enforcement of Settlement, Summary Judgment and Decree of Foreclosure" that was filed on April 8, 2009.

right to arbitration pursuant to a valid arbitration agreement will not be lightly inferred." *Id.* (quoting *Kamaʻole Two Hui v. Aziz Enterprises, Inc.,* 9 Haw. App. 566, 573, 854 P.2d 232, 236 (1993)) (brackets and internal quotation marks omitted). "However, an agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Id.* (quoting *Ass'n of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. 98, 110, 705 P.2d 28, 36 (1985)) (brackets and internal quotation marks omitted) .

Coello waived any agreement to arbitrate by (1) failing to notify Meech or the Circuit Court that he was electing mediation/arbitration under section 10 of the settlement agreement, and (2) arguing to the Circuit Court that he wanted to "litigate the issues . . . in court," a statement that is inconsistent with any reliance upon an agreement to arbitrate. *See Shimote v. Vincent,* 80 Hawaiʻi 96, 101, 905 P.2d 71, 76 (App. 1995) (waiver of arbitration provision by giving notice of intent to rely on right to arbitration on eve of trial after six years of litigation).

Therefore,

IT IS HEREBY ORDERED that the June 30, 2009 Order Granting Plaintiff's Motion for Enforcement of Settlement, Summary Judgment and Decree of Foreclosure, Filed April 8, 2009, entered in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, December 23, 2010.

On the briefs:

Robert T. Coello,
Pro Se Defendant-
Counterclaimant-Appellant.

Charles W. Crumpton and
Sue V. Hansen
(Crumpton & Hansen)
for Plaintiff-Counterclaim
Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge